Ex. C-2
2/26/15



## U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

PAUL J. FISHMAN
*United States Attorney*

Jacqueline M. Carle
*Assistant U.S. Attorney*

Camden Federal Building & U.S. Courthouse
Post Office Box 2098, 401 Market Street, 4th Floor
Camden New Jersey 08101-2098

856/757-5026
Fax: 856/968-4917

December 23, 2014

William J. Hughes, Jr., Esquire
Cooper Levenson
1125 Atlantic Avenue
Atlantic City, NJ 08401

15-103

Re: Plea Agreement with Bella Mar Properties, LLC, Edgewater Properties, LLC; Sweetbriar Development Corp., Burke Avenue Development Corp.

Dear Mr. Hughes;

This letter sets forth the plea agreement between your clients, Bella Mar Properties, LLC, Edgewater Properties, LLC, Sweetbriar Development Corp., and Burke Avenue Development Corp., (the "Identified Development Companies") and the United States Attorney for the District of New Jersey ("this Office"). The Identified Development Companies, along with Holiday Developers, LLC and Tahiti, LLC are referred to as the "Related Development Companies."

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Sweetbriar Development Corp. on behalf of the Identified Development Companies to a one-count Information, which charges the Identified Development Companies with Conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349. If Sweetbriar Development Corp. enters a guilty plea and a judgment of conviction is entered that is consistent with terms of the agreed disposition included in this plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and if the Identified Development Companies otherwise fully comply with all of the terms of

this agreement, this Office will not initiate any further criminal charges against the Related Development Companies or the owners, directors, officers and employees of the Related Development Companies, specifically including Pasquale DiAntonio individually, relating to any mortgage loan or real estate offense of any type or nature, including, without limitation, a conspiracy to devise a scheme and artifice to defraud a financial institution in connection with a mortgage loan issued to finance the purchase of certain real estate in Wildwood, New Jersey between in or about November 2006 and in or about March 2008 and as is more fully described in the Information. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, the Identified Development Companies agree that any dismissed charges and any other charges that were not time-barred by the applicable statute of limitations on the date the tolling agreements were executed by the parties may be commenced against the Identified Development Companies, notwithstanding the expiration of the limitations period after the date of the tolling agreements and/or the date the Identified Development Companies sign the agreement.

Sentencing

The violation of 18 U.S.C. § 1349 to which Sweetbriar Development Corp. agrees to plead guilty carries a statutory maximum term of probation of 5 years and a statutory fine equal to the greatest of: (1) $1,000,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Sweetbriar Development Corp. is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Sweetbriar Development Corp. ultimately will receive.

Further, in addition to imposing any other penalty on Sweetbriar Development Corp. the sentencing judge: (1) will order Sweetbriar Development Corp. to pay an assessment of $400 pursuant to 18 U.S.C. §

2

3013, which assessment must be paid by the date of sentencing; and (2) must order Sweetbriar Development Corp. to pay restitution pursuant to 18 U.S.C. § 3563.

This Office and Sweetbriar Development Corp. agree that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the appropriate disposition of the case is as follows, and will result in the imposition of a reasonable sentence that is sufficient, but not greater than necessary, taking into consideration all of the factors set forth in 18 U.S.C. §§ 3553(a) and 3572:

(1) Sweetbriar Development Corp. shall pay restitution in the amount of $700,000 within seven days after sentencing;
(2) Sweetbriar Development Corp. shall pay a special assessment of $400;
(3) Sweetbriar Development Corp. will not pay a criminal fine in light of the agreement to pay $700,000 in restitution.
(4) The United States agrees that it will not seek a term of probation.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office and Sweetbriar Development Corp. agree that no other sentence is appropriate, beside that set forth above and as set forth in the attached Schedule A. If the Court accepts this plea agreement, Sweetbriar Development Corp. must be sentenced accordingly. If the Court rejects any aspect of this plea agreement or fails to impose a sentence consistent herewith, this agreement shall be null and void at the option of either the United States or the Identified Development Companies, except that the Identified Development Companies expressly waive, and agree that they will not interpose any defense to any charges brought against the Identified Development Companies which the Identified Development Companies might otherwise have under the Constitution for pre-indictment delay, any otherwise unexpired statute of limitations, or the Speedy Trial Act. If the Identified Development Companies fail to pay any amounts within the time frames specified in this plea agreement, this agreement shall be null and void at the sole option of the United States. See 18 U.S.C. § 3614.

Rights of the Parties Regarding Sentencing

Except as otherwise provided in this agreement, all parties to this agreement reserve their rights to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, the parties may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of

the Identified Development Companies' activities and relevant conduct with respect to this case.

## Waiver of Appeal and Post-Sentencing Rights

Sweetbriar Development Corp. knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the conviction or sentence imposed by the Court if the plea is accepted and the sentence is imposed in accordance with the terms of this agreement.

This Office will not file any appeal, motion or writ which challenges the conviction or sentence imposed by the Court if that sentence is imposed in accordance with the terms of this agreement. Furthermore, if the Court accepts the terms of this plea agreement, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the Court erred in doing so.

Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraphs.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against the Identified Development Companies. This plea agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against the Identified Development Companies.

Pasquale DiAntonio agrees that he is authorized to enter into this agreement on behalf of the Identified Development Companies and Sweetbriar Development Corp. that he has been authorized to take this action, and that all appropriate corporate formalities for such authorization have been observed. Sweetbriar Development Corp. further agrees that the plea of guilty will be entered by Pasquale DiAntonio or company counsel on behalf of Sweetbriar Development Corp., and that Pasquale DiAntonio or company counsel are

4

authorized to enter a plea of guilty on Sweetbriar Development Corp.'s behalf. By entering this guilty plea, the Identified Development Companies hereby waive all objections to the form of the charging document and admit that Sweetbriar Development Corp. is in fact guilty of the offense charged in the Information. The Identified Development Companies further agree that if any of the companies sell all or substantially all of their business operations as they exist as of the date of the execution of this agreement until such time that restitution is satisfied to a single purchaser or group of affiliated purchasers during the term of the agreement, or merge with a third party in a transaction in which an Identified Development Company is not the surviving entity, the Identified Development Companies shall include in any contract for such sale or merger a provision binding the purchaser, successor, or surviving entity to continue to comply with the Identified Development Companies' obligations in this agreement.

Corporate Authorization.

Sweetbriar Development Corp.'s corporate acknowledgment of: (a) this agreement; and (b) the corporate resolution authorizing entry into and execution of this agreement, is attached as **Exhibit A.** Sweetbriar Development Corp. has provided to the United States a certified copy of a resolution of the governing body of the Identified Development Companies, affirming that Pasquale DiAntonio has authority to enter into this agreement and has (1) reviewed this plea agreement and the Information in this case; (2) consulted with legal counsel in this matter; (3) authorized execution of this agreement; (4) authorized Sweetbriar Development Corp. to plead guilty to the Information; and (5) authorized Pasquale DiAntonio to execute this agreement and all other documents necessary to carry out the provisions of this agreement. A copy of this resolution is attached hereto as **Exhibit A.** The Identified Development Companies further agree that Pasquale DiAntonio or corporate counsel shall appear on behalf of Sweetbriar Development Corp., provide an accurate and truthful allocution at the plea hearing, enter the guilty plea, and appear for the imposition of sentence upon Sweetbriar Development Corp.

No Other Promises

This agreement and Exhibit A hereto constitute the plea agreement between the Identified Development Companies and this Office and together their terms supersede any previous agreements between them. No additional promises,

agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                Very truly yours,

                PAUL J. FISHMAN
                United States Attorney

By:       JACQUELINE M. CARLE
                ASSISTANT U.S. ATTORNEY

APPROVED:

R. STEPHEN STIGALL,
Attorney-in-charge, Camden

    I am the authorized Managing Member for Bella Mar Properties, LLC, Edgewater Properties, LLC, Sweetbriar Development Corp., Burke Avenue Development Corp., ("the Identified Development Companies"). I have received this letter from William J. Hughes, Jr., Esq., who is the attorney for the Identified Development Companies. I have read the letter, and Mr. Hughes and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, fine and waiver, as well as the impact Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. I understand this letter fully. On behalf of and with the express authorization of the Identified Development Companies, I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. The Identified Development Companies understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. The Identified Development Companies want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_[signature]_     Date: 2/4/2015
PASCAL DIANTONIO,
As authorized Managing Member for Bella Mar Properties, LLC, Edgewater Properties, LLC, Sweetbriar Development Corp., Burke Avenue Development Corp.


    I am counsel for Bella Mar Properties, LLC, Edgewater Properties, LLC, Sweetbriar Development Corp., Burke Avenue Development Corp., ("the Identified Development Companies"). I have discussed with my clients this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations; fine and waiver, as well as the impact Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. Further, I have fully advised the authorized corporate representative, Pascal DiAntonio, of the Identified Development Companies' rights regarding this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, and waiver, as well as the impact Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. My clients, the Identified Development Companies, understand this plea agreement fully and want to plead guilty pursuant to it.

_[signature]_     Date: 2/4/2015
WILLIAM J. HUGHES, JR., Esq.
Counsel for Bella Mar Properties, LLC, Edgewater Properties, LLC, Sweetbriar Development Corp., Burke Avenue Development Corp.

## Schedule A

This Office and the Identified Development Companies agree to stipulate to the following facts:

1. Beginning in or about November 2006 and continuing until in or about March 2008, in the District of New Jersey and elsewhere, Sweetbriar Development Corp. did conspire with J.L. and others to devise a scheme and artifice to defraud a financial institution in connection with a mortgage loan issued to finance the purchase of 106 West Sweet Briar Road, Wildwood Crest, New Jersey.

2. In accordance with the above, and pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that the following sentence (hereinafter the "Stipulated Sentence") is reasonable taking into account all of the factors under 18 U.S.C. §§ 3553(a) and 3572:

   (1) Sweetbriar Development Corp. shall pay restitution in the amount of $700,000 within seven days after sentencing;
   (2) Sweetbriar Development Corp. shall pay a special assessment of $400;
   (3) Sweetbriar Development Corp. will not pay a criminal fine in light of the agreement to pay $700,000 in restitution.
   (4) The United States agrees that it will not seek a term of probation.

3. The parties further agree that neither party will argue for a sentence that varies from any of the terms of the Stipulated Sentence.

8

## UNANIMOUS ACTION BY THE DIRECTOR OF SWEETBRIAR DEVELOPMENT CORP.

The Sole Director of Sweetbriar Development Corp. (the "Company") has received and reviewed the Plea Agreement proposed by the United States Attorney's Office for the District of New Jersey dated December 23, 2014. After due deliberation and consultation with counsel, the Director unanimously agrees that the execution of the Plea Agreement, waiver of Indictment and the entry of a guilty plea to the charges set forth in the Plea Agreement is in the best interests of the Company.

**NOW THEREFORE, BE IT RESOLVED** by the unanimous consent of the Sole Director of the Company, that William J. Hughes, Jr., Esquire, of Cooper Levenson, P.A., is authorized to execute the December 23, 2014 Plea Agreement on behalf of the Company, to waive presentment of this matter before a grand jury, and to allocute to such facts as are reasonably necessary to establish a factual basis to support a guilty plea by the Company.

Dated: 2/4/2015

_____
Pascal Di Antonio